PER CURIAM.
We have for review Wells v. State, 22 Fla. L. Weekly D2010, 731 So.2d 680 (Fla. 1st DCA 1997), which expressly and directly conflicts with the opinion in Wallace v. State, 689 So.2d 1159 (Fla. 4th DCA 1997), on the issue of whether an individual may be convicted of multiple counts of resisting arrest with violence based on the number of police officers resisted during the course of a single criminal incident. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We resolved this conflict in Wallace v. State, 724 So.2d 1176 (Fla.1998), wherein we held that section 843.01, Florida Statutes (1993), which makes it unlawful for any person to resist with violence any officer in the execution of the officer’s legal duty, does not contemplate multiple convictions for each officer resisted during the course of a single criminal incident. See id. at 1181. In this regard, we stated: ‘While the defendant may have committed more than one offense in his altercation with the officers, including possibly multiple assaults or batteries, or both, on law enforcement officers as were separately charged here, we conclude that his [defendant’s] continuous resistence to the ongoing attempt to effect his arrest constitutes a single instance of obstruction under section 843.01.” Id. In so holding, we quashed the Fourth District’s decision in Wallace and approved the decision in Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996) (holding that only one conviction may stand where defendant resisted three officers during course of single episode or incident). 724 So.2d at 1181.
Here, the court below followed the reasoning in Pierce in vacating one of Wells’ convictions for resisting an officer with violence, the conduct for which was committed in connection with a single episode. See Wells, 22 Fla. L. Weekly at D2010, 731 So.2d 680. In accordance with our decision in Wallace, therefore, we approve the decision below.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
HARDING, C.J., dissents with an opinion. .
WELLS, J., dissents.